UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HARRY ARMAND AND VIRGIE ARMAND                CIVIL ACTION

V.                                            NO. 16-1783

THE UNITED STATES OF AMERICA, ET AL.          SECTION "F"

ORDER AND REASONS

Before the Court is the United States of America's unopposed motion to dismiss the plaintiffs' complaint for lack of subject-matter jurisdiction. For the following reasons, the motion is GRANTED.

This tort action arises from the plaintiffs' claim that Harry Armand injured his hip and neck when he fell off of an examination table during a procedure at the Southeast Louisiana Veterans Hospital.

The United States submits without contest that the plaintiffs have failed to exhaust their administrative remedies under the Federal Tort Claims Act (FTCA) before filing suit.

Federal courts have limited jurisdiction. If the Court determines at any time that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. Proc. Rule 12(b)(1), (h)(3). The burden of establishing jurisdiction is on the party asserting it. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). In this case, the plaintiffs bear the burden of proof.

1

The FTCA bars suits against the United States unless an administrative claim is first presented to the appropriate federal agency within two years after the claim accrues. 28 U.S.C. §§ 2401(b) and 2675(a). Failure to exhaust administrative remedies is a jurisdictional bar to bringing the action in a federal district court. See Price v. United States, 69 F.3d 46, 54 (5 Cir. 1995)("The subject matter jurisdiction of the court is conditioned on compliance with 28 U.S.C. § 2675(a), which declares that an action shall not be instituted unless the plaintiff has filed an administrative claim and either obtained a written denial or waited six months." (internal quotations omitted)).

The United States submits a declaration of Charles Caine, an attorney who conducts administrative reviews of malpractice claims for the Department of Veterans Affairs. Caine declared that the VA received a claim from Harry Armand dated March 2, 2016. He states that the claim is currently under investigation, six months has not elapsed since the claim was received, and there has been no final determination of liability. The plaintiffs filed this lawsuit on March 2, 2016, as well.

The plaintiffs do not oppose the United States' motion. They do not dispute their failure to exhaust administrative remedies. The plaintiffs' bear the burden to establish subject matter jurisdiction. They have failed to do so.

IT IS ORDERED that the United States of America's motion to dismiss for lack of subject matter jurisdiction is GRANTED. The plaintiff's complaint is dismissed.

New Orleans, Louisiana, May 18, 2016

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE